In re ZINNER.

METROPOLITAN TRUST & SAVINGS BANK v. ROYAL TRUST CO

(Circuit Court of Appeals, Seventh Circuit. October 1, 1912.)

No. 1,792.

1. BANKRUPTCY (§ 467*)—PETITION FOR REVIEW—JURISDICTION.

On a petition to review a referee's order in bankruptcy, affirmed by the district court, the jurisdiction of the Circuit Court of Appeals is limited to determining the correctness of the action of the trial court as to matters of law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 467.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 140*)—COLLATERALS FRAUDULENTLY PLEDGED—RIGHTS OF COMAKER.

The maker of a note, who pledges collateral fraudulently obtained by a comaker, is not entitled to the collateral on paying the note, as against the trustee in bankruptcy of the person who made the fraudulent transfer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 221, 225; Dec. Dig. § 140.*]

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois, in Bankruptcy; Kenesaw M. Landis, Judge.

In the matter of bankruptcy proceedings of Joseph Zinner. A referee's order denying the petition of the Metropolitan Trust & Savings Bank, for the use of Edward R. Newman and another, as administratrix of the estate of Joseph Sachsel, deceased, for delivery of certain collaterals, claimed by the Royal Trust Company as trustee of the bankrupt, having been affirmed by the District Court, the Metropolitan Trust & Savings Bank petitions for review. Petition dismissed.

Julius Moses (E. D. Wallace, of counsel), for petitioner.

James Rosenthal, for respondent.

Before SEAMAN and KOHLSAAT, Circuit Judges, and CARPENTER, District Judge.

PER CURIAM. This is a petition under section 24b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) to review and revise an order of the District Court. No certificate of the original proceedings was filed in this court, and no record, except as appears from the petition, the allegations of which were admitted by the answer.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

From these pleadings it appears that on August 5, 1904, the petitioner loaned to Louis Sachsel $750 upon a warehouse receipt issued to the bankrupt. The loan was made in good faith and without knowledge on the bank's part that the receipt had been transferred fraudulently to Sachsel. Subsequently $250 was paid upon this note. Afterwards it was taken up by somebody and destroyed. When this was done does not appear. On November 4, 1904, a new note for $500, due in 30 days, and payable to the bank, was executed jointly by Louis Sachsel & Co. and Joseph Sachsel, brother of Louis. This was a collateral note, and pledged the same warehouse receipt which had been pledged to secure the original note. Three years after the maturity of this note Edward R. Newman, as counsel for Joseph Sachsel, paid the bank $500 and took an assignment to himself, by separate instrument, of all the interest of the bank in the note, including the right to litigate in the name of the bank. Application was made in the bankruptcy court by the estate of Joseph Sachsel and Newman, to have the collateral, or its proceeds, turned over to them, claiming that Joseph Sachsel was an accommodation maker of the note, and by payment became subrogated to the rights of the bank.

The referee found that Joseph Sachsel was liable on the note as a maker (making no finding that he signed the note for the accommodation of his brother Louis), and found, as a matter of law that:

"In so paying the note Joseph Sachsel did not acquire any new right different from that of Louis Sachsel as the owner of the aforesaid collateral, and whether as between him and Louis he was an accommodation maker makes no difference, the note having been taken up by a maker who obtained it [the collateral] fraudulently, the collateral comes back to the trustee."

The trial court, without making any findings of fact or announcing any conclusions of law, approved and confirmed the report of the referee.

[1] Our jurisdiction is limited to considering the correctness of the action of the trial court as matters of law only.

[2] None of the evidence has been preserved upon which the referee reached his conclusion that Joseph Sachsel merely paid a note on which he was liable as maker. Even if the evidence had been preserved, we could not but accept this finding of fact as true. The trial court clearly was right in holding that the maker of a note who pledges as security collateral fraudulently obtained by a comaker is not entitled to the collateral upon the payment of the note, as against the trustee in bankruptcy of the person who made the fraudulent transfer.

The estate of Joseph Sachsel has no greater right than Joseph Sachsel had, and so far as Newman is concerned he is a mere volunteer.

The petition must be dismissed; and it is so ordered.